## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **JASON P. BARRAS** | **CASE NO. 6:20-CV-00528 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TED AYO, ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pro se plaintiff, Jason P. Barras ("Barras"), proceeding *in forma pauperis,* filed the instant complaint on April 20, 2020, pursuant to 42 U.S.C. §1983. Rec. Doc. 1. Barras is currently incarcerated at the Vermilion Parish Jail in Abbeville, Louisiana, on charges of attempted first-degree murder and attempted first-degree rape. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

Plaintiff's suit against Assistant District Attorney Ted Ayo and Detective Sammy Leport alleges that they have slandered his name, and, because of this, he fears he will not receive a fair trial on the charges currently pending against him in Vermilion Parish. Plaintiff alleges that several people have informed him that Ted

Ayo is holding a grudge against him because he believes plaintiff "got away from him" years ago on charges that were ultimately dismissed. Rec. Doc. 1, p. 4.

## Law and Analysis

### A. *Frivolity Review*

Barras has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### *B. Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *C. No cause of action for slander*

At the center of Barras' complaint is the allegation that defendant Ayo has been "slandering [his] name to another lawyer" [rec. doc. 1, p. 3] and that Leport is "slandering [his] name as well [*id.* at p. 4]. Damage to reputation alone, unaccompanied by other injury, . . . will not suffice for recovery under 42 U.S.C. § 1983. . . ." I*n re Selcraig,* 705 F.2d 789, 795 (5th Cir. 1983); *see Paul v. Davis*, 424 U.S. 693 (1976) (holding that an individual's interest in his reputation is simply one of a number of interests "which the State may protect against injury by virtue of its tort law" and any harm or injury to the interest does not result in the deprivation of any "liberty" or "property" rights recognized by state or federal law). Accordingly, Barras' complaints about slander and damage to his reputation should be dismissed with prejudice as legally frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C.1915(e)(2), as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 23rd day of June, 2020.

Patrick J. Hanna
**United States Magistrate Judge**

4